■ GRYPHON DOMESTIC VI, LLC, et al., Respondents, et al., Plaintiff, v APP INTERNATIONAL FINANCE COMPANY et al., Appellants. [848 NYS2d 612]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered February 24, 2006, on default of certain notes, to plaintiff Gryphon against the APP/Lontar/Asia defendants in the principal sum of $9,683,695, to plaintiff OCM II against APP/Lontar/Asia in the principal sum of $72,406,578, to OCM II against the Indah Kiat defendants in the principal sum of $25,402,604, to plaintiff OCM III against APP/Lontar/Asia in the principal sum of $52,649,728, to OCM III against Indah Kiat in the principal sum of $24,052,517, to plaintiff Columbia against APP/Lontar/Asia in the principal sum of $2,699,817, to Columbia against Indah Kiat in the principal sum of $696,016, to plaintiff Gramercy against APP/Lontar/Asia in the principal sum of $23,463,982, and to Gramercy against Indah Kiat in the principal sum of $51,577,248, unanimously affirmed, with costs.

Defendants' procurement of judgments in Indonesia was in bad faith. They deliberately erected legal impediments to the enforcement of this Court's orders with respect to indentures governed by New York law (*see e.g.* 41 AD3d 25 [2007]). Principles of comity will not prevent summary judgment in plaintiffs' favor under these circumstances.

Defendants' interpretation of the "no action" clause is unpersuasive, given the language of the indentures. These sophisticated parties could have included a requirement in the notes that any request or demand by an agent on a noteholder's behalf be accompanied by written proof of agency, but they did not. Nor did they indicate that the absence of a writing accompanying such a demand would be "insufficient" under its provisions. The trustee believed the demand to be genuine, even in the absence of a writing establishing the agency relationship.

There is no basis for further discovery. We have considered defendants' remaining arguments and find them without merit. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ. [*See* 2006 NY Slip Op 30063(U).]